Baird Holm LLP
Scott Parrish Moore (admitted *pro hac vice*)
Mark J. Goldsmith (admitted *pro hac vice*)
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
Telephone:  402-344-0500
Facsimile:   402-344-0588
spmoore@bairdholm.com
mgoldsmith@bairdholm.com

Attorneys for Defendant

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES BLANKINSHIP, | Case No. 4:21-CV-00072-RM |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

Defendant Union Pacific Railroad Company ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff James Blankinship's ("Plaintiff") First Amended Complaint ("Complaint") as set forth below.

### PRELIMINARY STATEMENT

1.     Defendant admits that, as part of its Medical Rules, certain employees are required to report if they have certain medical conditions and may be removed from service pending an individualized fitness for duty evaluation to ensure they are able to safely perform their job. Defendant denies the remaining allegations in Paragraph 1.

2.     Defendant affirmatively states that the allegations contained in Paragraph 2 are Plaintiff's interpretation of the regulations of Federal Railroad Administration ("FRA") and, as such, assert legal conclusions to which no response

is required and, therefore, Defendant denies the same. As to the footnote contained in Paragraph 2, Defendant admits that Plaintiff's color-vision deficiency does not substantially limit him in any major life activity, but denies any and all other allegations contained in the footnote.

3.    Defendant admits that it meets its obligations under FRA regulations to perform color-vision testing and that it allows employees in its discretion to take a color-vision field test if they fail the *Ishihara* test, but denies any and all other allegations in Paragraph 3.

4.    Defendant admits that, in February 2016, a class action complaint, <u>Harris et al. v. Union Pacific Railroad Company</u>, Case No. 8:16-cv-381, was filed against Defendant. Defendant denies the remaining allegations in Paragraph 4.

5.    Defendant denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.    Defendant admits jurisdiction in this Court has jurisdiction under 28 U.S.C. § 1331.

7.    Defendant admits venue in this Court is proper. Defendant denies the remaining allegations in Paragraph 7.

8.    Defendant admits venue in this Court is proper. Defendant denies the remaining allegations in Paragraph 8.

## THE PARTIES

9.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 and therefore denies them.

10.    Defendant admits the allegations in Paragraph 10.

## PROCEDURAL PREREQUISITES AND TIMELY FILING

11.    Defendant admits the allegations in Paragraph 11.

12.    Defendant denies the allegations in Paragraph 12.

13.    Defendant admits that, in February 2019, the District Court for the District of Nebraska certified the class in the Harris action.  Defendant admits that, on March 24, 2020, the Eighth Circuit Court of Appeals reversed the certification.

14.    Defendant denies the allegations in Paragraph 14.

15.    Defendant denies allegations in the first sentence in Paragraph 15.

16.    Defendant denies allegations in the first sentence in Paragraph 16.

## **FACTUAL ALLEGATIONS**

17.    Defendant admits that, as part of its Medical Rules, certain employees are required to report if they have certain medical conditions and may be removed from service pending an individualized fitness for duty evaluation to ensure they are able to safely perform their job. Defendant denies the remaining allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant states that the allegations in Paragraph 34 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies Plaintiff's characterization of the FRA requirements in Paragraph 20.

21.    Defendant admits that it utilizes the Ishihara test for color-vision deficiency.  Defendant admits that it implemented a field test called the Light Cannon Test.  Defendant denies the remaining allegations of Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

24.    Defendant admits that it hired Plaintiff in Arizona in June 2007.  Defendant admits that Plaintiff worked as a brakeman / conductor from June 2007 to January 2017.

25.    Defendant admits that the position of conductor requires the conductor to read and interpret multicolored railroad traffic signal lights on signal masts.

Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 25 and therefore denies them.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant admits the allegations in Paragraph 27.

28.     Defendant admits that on January 3, 2017, Plaintiff took the *Ishihara* Test as party of the FRA certification process.  Defendant admits that on January 3, 2017, Plaintiff failed the *Ishihara* Test and was required to take a field test as part of the certification process.  Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant admits that on January 12, 2017, Plaintiff took a field test after failing the *Ishihara* test and he failed the field test.  Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies them.

33.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies them.

34.     Defendant admits that Plaintiff is not employed by Defendant in a management position, but Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 34 and therefore denies them.

35.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 35 and therefore denies them.

36.     Defendant denies the allegations in Paragraph 36.

## CAUSES OF ACTION

### COUNT I

### *VIOLATION OF THE ADA*

### *DISABILITY DISCRIMINATION – DISPARATE TREATMENT*

37.    Defendant hereby restates and incorporates its responses to Paragraphs 1-36 above as fully set forth herein.

38.    Defendant states that the allegations in Paragraph 38 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent that Paragraph 34 incorrectly quotes Section 12012(1)(C) of the ADA.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant states that the allegations in Paragraph 42 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations to the extent that Paragraph 38 correctly quotes Section 12112(a) of the ADA.

43.    Defendant states that the allegations in Paragraph 43 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations to the extent that Paragraph 43 correctly quotes Section 12112(b)(6) of the ADA.

44.    Defendant denies the allegations in Paragraph 44.

45.    Defendant denies the allegations in Paragraph 45.

46.    Defendant denies the allegations in Paragraph 46.

### COUNT II

### *VIOLATION OF THE ADA*

### *DISABILITY DISCRIMINATION – DISPARATE TREATMENT*

47.    Defendant hereby restates and incorporates its responses to Paragraphs 1-46 above as fully set forth herein.

48.    Defendant denies the allegations in Paragraph 48.

49.    Defendant states that the allegations in Paragraph 49 contain a legal conclusion to which no response is required.  To the extent a response is required,

Defendant admits the allegations to the extent that Paragraph 49 correctly quotes Section 12112(b)(6) of the ADA.

50.    Defendant states that the allegations in Paragraph 50 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations to the extent that Paragraph 50 correctly quotes Section 12112(b)(3) of the ADA.

51.    Defendant denies the allegations in Paragraph 51.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant denies the allegations in Paragraph 54.

## COUNT III

### *VIOLATION OF THE ADA*

### *FAILURE TO ACCOMMODATE*

55.    Defendant hereby restates and incorporates its responses to Paragraphs 1-54 above as fully set forth herein.

56.    Defendant denies the allegations in Paragraph 56.

57.    Defendant states that the allegations in Paragraph 57 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations to the extent that Paragraph 57 correctly quotes Section 12112(b)(5)(A) of the ADA.

58.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies them.

59.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies them.

60.    Defendant denies the allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61.

62.    Defendant denies the allegations in Paragraph 62.

63.    Defendant denies any and all allegations not expressly admitted herein.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraphs 1 through 9 of their Prayer for Relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof on any elements that already legally belong to Plaintiff, Defendant asserts the following Affirmative Defenses:

1.    Plaintiff's Complaint, and the claims stated therein, fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

3.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4.    Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendant discovers after-acquired evidence for which Plaintiff would have been terminated or not hired.

5.    Some or all of the damages asserted in the Complaint are barred to the extent that Plaintiff has failed to mitigate his damages.

6.    Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel and/or unclean hands.

7.    Any accommodation that might have been requested or that might have been necessary for Plaintiff because of an alleged disability was unreasonable and/or would have imposed an undue hardship on Defendant.

8.    Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

9.    If Plaintiff establishes by a preponderance of the evidence that Defendant's actions toward Plaintiff were based on an unlawful motive, Defendant would have taken the same action despite any such unlawful motive.

10.    Plaintiff is not a qualified person with a disability.

11.    Defendant was not required to provide Plaintiff a reasonable accommodation because Plaintiff posed a direct threat to health and safety of himself and/or others that could not be eliminated by reasonable accommodation.

12.    Plaintiff is not entitled to any relief because any and all actions taken by Defendant with respect to Plaintiff's employment were justified and were taken for legitimate and non-discriminatory or non-retaliatory reasons.

13.    To the extent the Defendant made a disability-related inquiry or required a medical examination of the Plaintiff during his employment, such inquiry or examination was job-related and consistent with business necessity.

14.    To the extent the Defendant applied qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards are job related for the position in question and consistent with business necessity.

15.    To the extent the Defendant applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards were necessary to eliminate a significant risk to the health or safety of the Plaintiff and/or others and the risk could not have been eliminated or reduced by a reasonable accommodation.

Defendant reserves the right to assert additional affirmative defenses, as appropriate.

**WHEREFORE**, Defendant prays as follows:

1. That judgment be entered in favor of Defendant;

2. That each and every count of Plaintiff's Complaint be denied in its entirety, and that Plaintiff take nothing;

3.  That Defendant be awarded its reasonable attorneys' fees and costs; and

4.  For such other relief as the Court deems just and proper.


Dated:          April 7, 2021                    UNION PACIFIC RAILROAD
                                                 COMPANY,
                                                 Defendant,


                                                 By: /s/ Mark J. Goldsmith
                                                     Scott Parrish Moore (admitted *pro
                                                     hac vice*)
                                                     Mark J. Goldsmith (admitted *pro hac
                                                     vice*)
                                                     BAIRD HOLM LLP
                                                     1700 Farnam Street, Suite 1500
                                                     Omaha, NE 68102
                                                     Attorneys for Defendant

1

## CERTIFICATE OF SERVICE

2

3      The undersigned hereby certifies that on April 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

4

5

6      James H. Kaster
       David E. Schlesinger
7      Lucas J. Kaster
       NICHOLS KASTER, PLLP
8      4700 IDS Center
9      80 South Eighth Street
       Minneapolis, MN 55402
10     *kaster@nka.com*
11     *schlesinger@nka.com*
       *lkaster@nka.com*
12

13     Anthony S. Petru
14     Gavin Barney
       HILDEBRAND MCLEOD & NELSON, LLP
15     250 Frank H. Ogawa Plaza, 4th Floor
16     Oakland, CA 94612
       *petru@hmnlaw.com*
17     *barney@hmnlaw.com*
18
       Attorneys for Plaintiff
19
                                                    /s/ Mark J. Goldsmith
20

21     DOCS/2615990.2

22

23

24

25

26

27

28

BAIRD HOLM LLP
ATTORNEYS AT LAW
OMAHA

- 10 -

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT    4:21-CV-00072-RM