WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Blankinship,<br><br>             Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Company,<br><br>             Defendant. | No. CV-21-00072-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant Union Pacific Railroad Company's ("Union Pacific") Partial Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Doc. 19.) Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's failure-to-accommodate claim on the grounds that the claim is time-barred. (Doc. 20.) The Motion is fully briefed. (Docs. 22, 23.) For the reasons discussed below, Defendant's Partial Motion to Dismiss will be granted.[1]

**I.     Background**

Plaintiff's FAC alleges the following. Plaintiff is an individual with a disability, as that term is defined by the Americans with Disabilities Act ("ADA"), concerning his ability

---

[1] After the Motion to Dismiss became fully briefed, Union Pacific filed a Motion to Submit Supplemental Authority (Doc. 27) and a Notice of Further Supplemental Authority (Doc. 30). The Court has considered the supplemental authority submitted by Union Pacific (Docs. 27, 30), and the Court will grant Union Pacific's Motion to Submit Supplemental Authority to the extent the Motion seeks to alert this Court to supplemental authority. However, the Court declines to consider the substantive arguments set forth in the Motion. *See Doe v. Blue Cross Blue Shield of Illinois*, 492 F. Supp. 3d 970, 980 (D. Ariz. 2020) (a notice of supplemental authority is appropriate to inform the Court of a new judicial opinion but is not a proper "occasion to argue outside the pleadings").

to see color. (Doc. 13 at 3-4 ¶¶ 5, 9.)[2] From June 2007 to January 2017, Plaintiff was employed by Union Pacific as a train conductor. (*Id.* at 6 ¶ 24.) The Federal Railroad Administration requires that all train conductors undergo periodic certification. (*Id.* at 5 ¶ 20.) Under the fitness requirement, conductors must have the ability to distinguish between the colors of railroad signals. (*Id.*) On or about January 3, 2017, Plaintiff failed a color vision test as part of his re-certification. (*Id.* at 6 ¶ 28.) The failed color vision test triggered a fitness-for-duty evaluation by Union Pacific, and Union Pacific removed Plaintiff from service as a conductor pending the evaluation. (*Id.* at 5-6 ¶¶ 18, 28) On or about January 12, 2017, as part of the fitness-for duty process, Plaintiff took and failed a different color vision test. (*Id.* at 6 ¶ 29.) On or about January 17, 2017, Union Pacific permanently prohibited Plaintiff from working as a conductor or in any position requiring accurate identification of colored railroad signals. (*Id.* at 6 ¶ 30.) Union Pacific claimed it could not reasonably accommodate Plaintiff's color-vision restrictions. (*Id.*)

Plaintiff was a putative ADA class member in *Quinton Harris et al. v. Union Pacific Railroad Company,* No. 8:16-cv-381 (D. Neb.), a class action commenced in February 2016 by Union Pacific employees alleging disability discrimination. (*Id.* at 3-4 ¶¶ 4-5, 11-12.) The *Harris* trial court certified the class action, but the Eighth Circuit Court of Appeals reversed the certification decision on March 24, 2020. (Doc. 13 at 4 ¶ 13.)

On April 10, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 4 ¶ 15.) On November 18, 2020, the EEOC issued a determination requiring that he file a complaint in court by February 16, 2021. (*Id.*) Plaintiff filed his Complaint in the present action on February 10, 2021 (Doc. 1), and the FAC (Doc. 13) followed.

Plaintiff alleges in the FAC that Union Pacific's fitness-for-duty evaluations "do not assess whether an employee is capable of safely or effectively performing their work" and that he was "excluded from work at Union Pacific on the basis of his real or perceived disability." (Doc. 13 at 2-3 ¶¶ 1, 5.) Plaintiff further alleges that after removing him from

---

[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

service, "Union Pacific discriminated against [him] by failing to provide [him] with" the reasonable accommodation of an alternate work position. (*Id.* at 11 ¶¶ 58, 60.) Plaintiff avers that he is a victim of the same discriminatory policies and practices alleged in *Harris.* (*Id.* at 3 ¶ 5.) Based on the foregoing, Plaintiff raises three counts of disability discrimination under the ADA: (1) disparate treatment, (2) disparate impact, and (3) failure to accommodate. (*Id.* at 7-11 ¶¶ 37-62.) Plaintiff asserts that his ADA claims were subject to tolling "during the pendency of litigating the class-wide claims [in *Harris*]," pursuant to *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). (*Id.* at 4 ¶ 12.)

## II.   Standard of Review

A dismissal under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation omitted). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A court evaluating a motion to dismiss must view the complaint "in the light most favorable to the plaintiff." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). All well-pleaded factual allegations of the complaint must be accepted as true; however, legal conclusions and other conclusory statements are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678-79, 681.

When evaluating a Rule 12(b)(6) motion, a court may not consider evidence outside the pleadings unless it converts the motion into a Rule 56 motion for summary judgment and allows the nonmovant to respond. Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a

motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Judicial proceedings in other courts are matters of judicial notice and may appropriately be considered on a motion to dismiss. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894-95 (9th Cir. 2014).

**III.   Discussion**

Union Pacific seeks dismissal of Plaintiff's failure-to-accommodate claim, arguing that the deadline to administratively exhaust that claim was not tolled by *Harris* because the claim "is fatally *different*" from the class claims in *Harris*. (Doc. 23 at 2; *see also* Doc. 20 at 1-2, 4-9.) Union Pacific argues that, absent tolling, Plaintiff failed to timely exhaust his administrative remedies and the failure-to-accommodate claim is accordingly time-barred. (Doc. 20 at 1-2, 4-5.)

In response, Plaintiff argues that the failure-to-accommodate claim "rest[s] on the same factual and legal underpinnings asserted in *Harris*," and thus, *Harris* provided Union Pacific with sufficient notice of the claim. (Doc. 22 at 2.) Plaintiff contends that because "notice to defendant is the touchstone" of class action tolling, the failure-to-accommodate claim is subject to tolling and therefore is timely. (*Id.* at 3.)

A plaintiff must timely exhaust his administrative remedies before filing an ADA suit by first filing an EEOC charge of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (establishing that the procedures set forth in 42 U.S.C. § 2000e-5 apply to charges under the ADA). Here, there is no dispute that Plaintiff timely exhausted his administrative remedies if tolling applies but that he failed to do so with respect to his failure-to-accommodate claim if tolling does not apply to that claim.

"[T]he commencement of [an] original class suit tolls the running of the statute [of limitations] for all purported members of the class" until class certification is denied." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974); *see also Crown, Cork & Seal*, 462 U.S. at 354. Class action tolling ensures essential fairness to defendants because filing the class suit "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs." *Am. Pipe*,

414 U.S. at 555. Because the defendant is alerted within the statute of limitations of the need to "preserve evidence and witnesses respecting the claims of all the members of the class," tolling "creates no potential for unfair surprise." *Crown, Cork & Seal*, 462 U.S. at 353.

A subsequent individual suit by a class member is subject to *American Pipe* tolling only if the initial class suit provided the defendant with "fair notice" of the subsequent claims. *Williams v. Boeing Co.*, 517 F.3d 1120, 1131 (9th Cir. 2008); *see also id.* at 1136. For purposes of *American Pipe* tolling, the class and individual suits need not be "identical in every respect." *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985). However, the class suit must expressly assert the "same allegations" such that the defendant is notified of the need "to make appropriate investigations" and to preserve evidence. *Tosti*, 754 F.2d at 1489. The *American Pipe* "tolling rule does not leave a plaintiff free to raise different or peripheral claims following denial of class status." *Williams*, 517 F.3d at 1136 (internal quotation and alteration marks omitted).

In the instant action, Plaintiff asserts claims of: (1) disparate treatment, (2) disparate impact, and (3) failure-to-accommodate. (Doc. 13 at 7-11 ¶¶ 37-62.) In the *Harris* class action, the named plaintiffs asserted on behalf of the ADA class claims of: (1) disparate treatment, (2) disparate impact, and (3) unlawful medical inquiry. (Doc. 20-1 at 21-24 ¶¶ 136-158.)[3] Union Pacific does not dispute that Plaintiff's disparate treatment and disparate impact claims are subject to tolling. (Doc. 23 at 7.) The issue at hand is whether the *Harris* action provided Union Pacific with fair notice of Plaintiff's failure-to-accommodate claim. Plaintiff argues that the "substantial factual and legal overlap" between the *Harris* class action and the instant action was sufficient to provide Union Pacific with fair notice of his failure-to-accommodate claim. (Doc. 22 at 7.) The Court is not persuaded.

The elements required to prove claims of disparate treatment/impact and failure to accommodate are "analytically distinct." *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794,

---

[3] The Court grants Union Pacific's request to take judicial notice of the *Harris* First Amended Complaint pursuant to Federal Rule of Evidence 201. *See Rosales–Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (holding it is "well established" that courts "may take judicial notice of judicial proceedings in other courts").

798 (9th Cir. 2017) ("We have recognized that a failure-to-accommodate claim is analytically distinct from a claim of disparate treatment or impact under the ADA.") (citation and internal quotation marks omitted). As a result, the factual allegations underlying the disparate treatment and disparate impact claims asserted on a class-wide basis in *Harris* are substantially different from those underlying Plaintiff's failure-to-accommodate claim. The disparate treatment and disparate impact claims in both the *Harris* and instant actions are based on Plaintiff's ability to perform the essential functions of his job as a conductor and involve allegations of acts or omissions that occurred *before* his removal from service as a conductor. (*See* Doc. 20-1 at 21-23 ¶¶ 136-153; Doc. 13 at 7-10 ¶¶ 37-54.) Plaintiff's failure-to-accommodate claim, on the other hand, is based on Union Pacific's failure to reassign Plaintiff to "an alternate work position" and involves allegations of acts or omissions that occurred *after* his removal from service as a conductor and *after* the events giving rise to the claims asserted on behalf of the ADA class in *Harris*. (*See* Doc. 13 at 11 ¶¶ 58-60.)

Because the *Harris* class claims and Plaintiff's failure-to-accommodate claim involve fundamentally different factual allegations and legal issues, the *Harris* class action did not alert Union Pacific to the need to preserve evidence related to Plaintiff's failure-to-accommodate claim. *See Donahue v. Union Pac. R.R. Co.*, 21-CV-00448-MMC, 2021 WL 2458351, at *2 (N.D. Cal. June 16, 2021) ("The elements of disparate treatment/disparate impact claims and the elements of a failure to accommodate claim . . . are significantly different, and, consistent therewith, the core facts on which the Harris class claims and the instant failure to accommodate claim are based differ significantly as well").

A failure-to-accommodate claim was asserted in the *Harris* action, but it was asserted only on behalf of the individually named plaintiffs and not on behalf of the class. As a result, *Harris* only alerted Union Pacific to the need to preserve evidence related to a failure-to-accommodate claim for each of the named plaintiffs, not for the members of the ADA class to which Plaintiff belonged. Because the *Harris* class action did not give Union Pacific fair notice of Plaintiff's failure-to-accommodate claim, that claim is not subject to

*American Pipe* tolling and is time-barred. *See Carrillo v. Union Pac. R.R. Co.*, No. EP-21-CV-00026-FM, 2021 WL 3023407, at *6-7 (W.D. Tex. July 16, 2021) (finding failure-to-accommodate claim time-barred because *Harris* did not provide Union Pacific with fair notice of the claim); *Donahue*, 2021 WL 2458351 at *2 (same); *see also Krehbiel v. Union Pac. R.R. Co.*, 2:19-CV-02002-JAR-JPO, 2019 WL 3387049, at *4 (D. Kan. July 26, 2019) (same).

Accordingly,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 19) is **granted**. Count Three of Plaintiff's First Amended Complaint (Doc. 13) is **dismissed** as time-barred.

**IT IS FURTHER ORDERED** that Defendant's Motion to Submit Supplemental Authority (Doc. 27) is **partially granted**, as set forth above.

Dated this 30th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge